165 So. 604

## ROGERS v. STATE.
### 7 Div. 187.

Court of Appeals of Alabama.
Feb. 4, 1936.

John A. Darden, of Goodwater, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The statute under which this prosecution is brought is section 3188 of the Code of 1923, which reads as follows: "Any person who unlawfully takes or decoys away any child with intent to detain or conceal it from its parents, guardian, or other person having the lawful charge of it, or who unlawfully detains any child from its parents, guardian or other person having lawful charge of it, must, on conviction, be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than two years."

The evidence tended to show that defendant, a man about 34 years of age who was boarding with the family of Nelson Poe and had been so living for some six years, accompanied Lucile, the 17 year old daughter of Poe, when she left the home of her father and went to Rome, Ga., where they remained for four days and until Poe went for her, and she returned with him. The evidence tends to show that at the time Lucile left home, Poe was drunk and on the morning of the day she left home, her father had beaten her and on several occasions before that time

he had beaten her with his fists. Lucile was the eldest of several children and was a worker in the Avondale Cotton Mills, and had been for nearly one year. Her mother had died some four weeks before the girl left.

 The issue in this case is whether or not this defendant unlawfully took or decoyed away Lucile Poe with the intent to detain or conceal her from her father. If the girl, Lucile, was driven or impelled to leave home on account of the beatings given her by her father, or for and on account of her father's efforts to force her into sexual relations with him, then this defendant would not be guilty under this statute, even though he had been married and was separated from his wife, and during the time Lucile was with him they slept together in the same bed. The court, therefore, erred in permitting the state to prove that defendant had been twice married. Such testimony was irrelevant.

The court committed error in refusing to allow the defendant to prove that Nelson Poe, the father, had on several occasions forced Lucile to have sexual intercourse with him, and for that reason she left her father's home. The fact that Poe was in jail and under indictment for incestuous relations with Lucile, however, was not competent evidence to prove this. Poe is presumed to be innocent of the charge until legally convicted.

The principal witness for the state was Lucile Poe. She testified to a state of facts which entirely exonerated the defendant of all blame under the charge on which he was being tried. She testified to the cruel treatment on the part of her father, that he made improper advances to her, and she told him it would cause her to leave home, that she drew $17.22 as wages that day, gave part to her father, kept $10, that she "got" defendant to make arrangements for a room that night; she paid for it and her own and defendant's fare to Rome, where she went in the hope of finding work in the cotton mill there. The court refused to allow this witness to testify why her father beat her, or that he beat her because she refused to have sexual intercourse with him, that her father had several times forced her to yield to him in sexual intercourse, and that to avoid this condition she left home. this witness was introduced by the state, and on cross-examination the question should have been allowed.

The defendant may have been guilty of some other offense but not of the offense here charged and the verdict should not be allowed to stand.

The motion for a new trial should have been granted.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.